UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DWIGHT BENSON,<br><br>                Plaintiff,<br><br>     v.<br><br>PIERCE COUNTY JAIL, *et al.*,<br><br>                Defendants. | Case No. C08-5407 BHS/KLS<br><br>REPORT AND RECOMMENDATION TO DENY APPLICATION TO PROCEED *IN FORMA PAUPERIS*<br><br>**NOTED FOR:**<br>**October 10, 2008** |

This case has been referred to United States Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Plaintiff has filed a civil rights complaint under 42 U.S.C. § 1983 and an application to proceed *in forma pauperis*. To file a complaint and initiate legal proceedings, plaintiff must pay a filing fee of $350.00 or file a proper application to proceed *in forma pauperis*. Plaintiff's application was deficient as the Court was unable to determine his eligibility for *in forma pauperis* status based on the information submitted by Plaintiff. Accordingly, Plaintiff was ordered to show cause why his application should not be dismissed. (Dkt. # 4). Plaintiff has not responded to the Court's Order.

## I. DISCUSSION

The court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, the court has broad discretion in denying an application to proceed *in forma pauperis*. *Weller v. Dickson,* 314 F.2d 598 (9th Cir. 1963), *cert. denied*, 375 U.S. 845 (1963).

Several district courts have ruled that denial of *in forma pauperis* status is not unreasonable when a prisoner is able to pay the initial expenses required to commence a lawsuit. *See Temple v. Ellerthorpe*, 586 F.Supp. 848 (D.R.I. 1984); *Braden v. Estelle*, 428 F.Supp. 595 (S.D.Tex. 1977); *U.S. ex rel. Irons v.*

*Com. of Pa.*, 407 F.Supp. 746 (M.D.Pa. 1976); *Shimabuku v. Britton*, 357 F.Supp. 825 (D.Kan. 1973), *aff'd,* 503 F.2d 38 (10th Cir. 1974); *Ward v. Werner*, 61 F.R.D. 639 (M.D.Pa. 1974).

On July 26, 2008, Plaintiff filed his motion to proceed *in forma pauperis*. (Dkt. # 1). Upon review of his application, the Court noted that Plaintiff indicated he receives $2,596.00 per month in Veteran's Administration disability benefits. (Dkt. # 1, p. 2). Plaintiff was ordered to show cause why the Court should not consider these funds in determining Plaintiff's eligibility for *in forma pauperis* status. (Dkt. # 4). Plaintiff also indicated in his application that he was currently incarcerated in "Pioneer Center North" (Dkt. # 1, p. 1), but on the same day that he filed his application, he provided the Court with a change of address, reflecting a new address at 336 27th Avenue, in Seattle, Washington. (Dkt. # 2). Accordingly, Plaintiff was also ordered to advise the Court of his current incarceration status. (Dkt. # 4). Plaintiff was given until August 25, 2008 to respond to the Court's Order to Show Cause. *Id*. To date, Plaintiff has not responded nor requested an extension of time within which to respond.

## II. CONCLUSION

Because Plaintiff has failed to respond to the Court's order to show cause regarding his need to pay the court filing fee or file a proper application to proceed *in forma pauperis*, the undersigned recommends the court dismiss Plaintiff's Complaint unless he pays the required $350.00 fee **within thirty (30) days** of the Court's order.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have ten (10) days from service of this Report and Recommendation to file written objections thereto. *See also* Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set this matter for consideration on **October 10, 2008**, as noted in the caption.

Dated this  23rd  day of September, 2008.

Karen L. Strombom
United States Magistrate Judge